UNITED STATES, Appellee,

v.

Private E2 Bobby J. WASHINGTON (aka Private El Bobby J. Washington), 427–23–1195, United States Army, Appellant.

CM 448819.

U.S. Army Court of Military Review.

26 Nov. 1986.

For Appellant: Major Marion E. Winter, JAGC, Captain William J. Kilgallin, JAGC, Major Allan Placke, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Vito A. Clementi, JAGC (on brief).

Before DeFORD, WILLIAMS and KENNETT, Appellate Military Judges.

OPINION OF THE COURT

KENNETT, Judge:

Tried by a military judge sitting as a general court-martial, appellant was convicted, pursuant to his pleas, of attempted wrongful possession and distribution of marijuana, wrongful use of marijuana, and wrongful distribution of cocaine (two specifications), in violation of Articles 80 and 112a, Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. §§ 880 and 912a (1982 and Supp. II, 1984), respectively. He was sentenced to a dishonorable discharge, confinement for two years, and forfeiture of all pay and allowances. The convening authority changed the guilty finding of one of the cocaine distribution specifications to a finding of guilty of the lesser included offense of attempted wrongful distribution of cocaine in violation of Article 80, UCMJ, and approved a reduced sentence of dishonorable discharge, confinement for eighteen months, and forfeiture of $319.00 pay per month for eighteen months. We affirm.

Approximately six days after trial, the trial defense counsel discovered, from a laboratory report, that one of the substances distributed by appellant, believing the substance to be cocaine, was a mixture of aspirin, acetaminophen and caffeine, all noncontrolled items. The defense counsel requested the military judge convene a post-trial session pursuant to UCMJ art. 39(a), 10 U.S.C. § 839(a) and Manual for Courts-Martial, United States, 1984 [hereinafter cited as M.C.M., 1984], Rule for Courts-Martial [hereinafter cited as R.C.M.] 1102(b)(2), so appellant could change his guilty plea to the affected specification to not guilty, but guilty of attempted wrongful distribution of cocaine. The defense

counsel also requested the post-trial session so the military judge could reconsider his sentence in light of the new information.

Sixteen days after trial, and before he authenticated the record of trial, the military judge convened a post-trial session under UCMJ art. 39(a). After hearing the defense counsel's request for a change in plea and reconsideration of the sentence, and the government's concurrence in the proposed plea change, the military judge ruled he was without authority to reconsider the guilty finding after announcement of the sentence, citing R.C.M. 924(c). The judge stated his view that the correct procedure was "for either the convening authority or some other appellate authority either to set aside these findings and the sentence and authorize a rehearing or to grant the accused's request for a new trial, based upon newly discovered evidence. Those are both significantly cumbersome and complicated procedures." Having made his position clear, the judge then announced he had "devised a procedure" to "accomplish the defense's desire more efficiently and in compliance with the rules" (referring to the Rules for Courts-Martial).

Citing his authority to conduct post-trial sessions for purposes other than "reconsidering findings or permitting the change in plea," and his authority to reconsider a sentence at any time before authentication of the record,[1] the judge conducted further proceedings to "make sure the record reflects [appellant's] understanding of certain things to assist appellate authorities in deciding what remedy they are going to adopt in this case...." In essence, the judge then allowed appellant to change his plea as requested and conducted a providence inquiry under *United States v. Green,* 1 M.J. 453 (C.M.A.1976) and *United States v. Care,* 40 C.M.R. 247 (C.M.A.1969). The judge permitted a change in the sentence limitation portion of the pretrial agreement (reducing the period of confinement by six months), established the continued vitality of the pretrial agreement,

ascertained the providence of appellant's plea of guilty to the lesser included offense of attempted wrongful distribution of cocaine, and announced what, in essence, amounted to a finding of guilty of that offense. The judge then granted the defense request for reconsideration of the sentence, permitted each side to introduce further evidence on sentencing (the belated laboratory report was the only evidence introduced and admitted), and heard additional sentencing arguments. He stated his sentence remained as previously announced, because he could not change the findings, but that the confinement portion of the adjudged sentence would have been six months less if he had originally found the appellant guilty of the lesser included offense of attempted wrongful distribution of cocaine.

■ Appellant now asserts the convening authority erred by failing to order a rehearing on findings and sentence. The government argues the convening authority properly changed the finding of guilty to that of a lesser included offense and properly approved a reduced sentence without ordering a rehearing. We agree the convening authority's actions here were proper; furthermore, we believe the military judge had the power under R.C.M. 1102(b)(2) to conduct the post-trial session to receive a change in appellant's plea and to adjudge a new sentence under the facts of this case.

R.C.M. 1107(c)(1) provides that the convening authority may, in his sole discretion, "[c]hange a finding of guilty to a charge or specification to a finding of guilty to an offense that is a lesser included offense of the offense stated in the charge or specification...." Here, the matters elicited at the original providence inquiry, before the laboratory report became a factor, established attempted wrongful distribution of cocaine as a lesser included offense of the charged wrongful distribution of cocaine. M.C.M., 1984, Part IV, para. 37 d(3). The convening authority did not need the bene-

---

1. R.C.M. 1009(a).

fit of a rehearing to approve a finding of guilty of that lesser included offense.

R.C.M. 1107(d)(1) provides the convening authority may "for any or no reason disapprove a legal sentence in whole or in part, mitigate the sentence, and change a punishment to one of a different nature as long as the severity of the punishment is not increased." The convening authority mitigated the sentence in this case. Although he may have done so because his staff judge advocate recommended the mitigation in view of the laboratory report and the changed nature of appellant's offense in question here, the convening authority had the absolute power to mitigate the sentence "for any or no reason." He did not need to order a sentence rehearing before approving a reduced sentence. R.C.M. 1107(e)(1)(A) is clear that the ordering of a rehearing under the circumstances present in this case is "in the convening authority's discretion."

With respect to the military judge's belief that he was without authority to reconsider the guilty finding after announcement of the sentence, we believe "the military judge misconceived the scope of the powers available to him after the trial had ended." *United States v. Brickey*, 16 M.J. 258, 263 (C.M.A.1983). While R.C.M. 924(c) provides that, "[i]n trial by military judge alone, the military judge may reconsider a finding of guilty at any time before announcement of sentence," this rule does not state the judge may not reconsider a finding of guilty after announcement of sentence. In this context, the rule must be read in conjunction with R.C.M. 1102(b)(2), which states:

> *Article 39(a) sessions.* An Article 39(a) session under this rule [*Post-trial sessions* ] may be called for the purpose of inquiring into, and, when appropriate, resolving any matter which arises after

trial and which substantially affects the legal sufficiency of any finding of guilty or the sentence.

■ R.C.M. 1102, entitled "Post-trial sessions," is based in part on *United States v. Brickey*, [2] in which the court concluded a military judge may convene a post-trial session on his own motion prior to authentication of the record of trial. The court perceived "that a post-trial Article 39(a) hearing before a military judge often would provide a means for promptly ... disposing of a claim of error, before necessary witnesses dispersed, memories faded, and witnesses became unavailable." *Brickey*, 16 M.J. at 263. While the subject of the post-trial session must be "one that can be rectified without material prejudice to the substantial rights of the accused," [3] *Brickey*, 16 M.J. at 264, it is beyond cavil that changing a finding of guilty to that of a lesser included offense and reducing the sentence are not actions which materially prejudice substantial rights of an accused. Indeed, such actions fit squarely within the following language in *Brickey*, 16 M.J. at 264–65: "This permission to do so accords with the policy that, in the interest of justice, corrective action should take place as promptly as possible, since otherwise evidence may become unavailable or irreversible damage [may be] inflicted." We conclude that R.C.M. 924(c) should not be construed to be inconsistent with R.C.M. 1102(b)(2). *Cf. United States v. Crowell*, 21 M.J. 760 (N.M.C.M.R.1985) (R.C.M. 1103(f) should not be construed to be inconsistent with R.C.M. 1102). Accordingly, we hold the post-trial session called by the military judge, pursuant to his power under R.C.M. 1102(b)(2), resulted in an amended finding of guilty of attempted wrongful distribution of cocaine, in violation of UCMJ art. 80, and a reduced sentence.[4]

**2.** M.C.M., 1984, Analysis of R.C.M. 1102, App. 21, A21–69.

**3.** Post-trial sessions cannot be convened to reconsider findings of not guilty or to increase the severity of the sentence unless the sentence pre-

scribed for the offense is mandatory. R.C.M. 1102(c).

**4.** *United States v. Boland,* 22 M.J. 886 (A.C.M.R. 1986), is distinguishable on its facts.

The convening authority's action merely approved the judge's findings and sentence, with respect to the discharge and confinement portions thereof, and further reduced the forfeitures portion of the sentence.

We have considered the issue personally asserted by appellant and find it to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge DeFORD and Judge WILLIAMS concur.